Margaret C. NEWTON, Executrix of the Estate of Adelbert F. Newton, Jr., deceased, and Margaret C. Newton in her own capacity, Plaintiffs,

v.

Denis A. TAVANI, M.D. and U.S. Healthcare, Inc., Defendants.

Civil Action No. 96–CV–4442.

United States District Court, D. New Jersey.

April 28, 1997.

Robert L. Sachs, Jr., Shrager, Mcdaid, Loftus, Flum & Spivey, Voorhees, NJ, for Plaintiffs.

Edward S. Wardell, Kelley, Wardell & Craig, Haddonfield, NJ, for Defendant U.S. Healthcare.

## OPINION

BROTMAN, District Judge.

This is a medical malpractice case against a physician and a healthcare insurance provider. After suffering from colorectal cancer, Adelbert F. Newton, Jr. (hereinafter "decedent") died on January 3, 1995. Thereafter, the decedent's wife, Margaret C. Newton (hereinafter "Plaintiff"), filed the above-captioned negligence action in the Superior Court of New Jersey, Salem County, Law Division. Defendant U.S. Healthcare, Inc. (hereinafter "U.S. Healthcare") removed the action to this court, asserting federal jurisdiction based on Section 502(a) of the Employment Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132 (hereinafter "Section 502(a)").

Presently before the court is Plaintiff's Motion to Remand this action to the Superior Court of New Jersey. Plaintiff challenges the applicability of Section 502(a) to the pres-

ent action and contends that removal was inappropriate. Plaintiff also seeks reimbursement of attorneys' fees associated with her motion pursuant to 28 U.S.C. § 1447(c).

## I. BACKGROUND

During all times relevant to the within action, the decedent was a patient of Denis A. Tavani, M.D. and a participant or beneficiary of a health insurance plan administered by U.S. Healthcare. During or after 1991, U.S. Healthcare delivered to the decedent a fecal occult blood test kit (hereinafter "FOBT Kit"), a cancer screening device used to detect colorectal cancer. The decedent, however, never returned the FOBT Kit for analysis, neither to Dr. Tavani, nor to U.S. Healthcare. As a result, the decedent was not diagnosed with colorectal cancer until July 9, 1994; he died on January 3, 1995.

Plaintiff alleges, *inter alia*, that the Defendants were negligent in failing to ensure that the appropriate screening tests and studies were performed. (Compl.¶ 23.) Plaintiff contends that U.S. Healthcare was negligent (1) in failing to make sure that the decedent returned the FOBT Kit for testing, and (2) in failing to advise Dr. Tavani that the fecal occult blood test had not been completed. (Compl.¶¶ 19, 23.)

On September 12, 1996, U.S. Healthcare filed a Notice of Removal pursuant to 28 U.S.C. § 1446(a), asserting that Plaintiff's negligence claim relates to medical benefits supplied to the decedent pursuant to an employee benefit plan governed by ERISA. U.S. Healthcare claims that Plaintiff's claim challenges the administration or delivery of benefits under such a plan, and thus falls within the scope of Section 502(a). Accordingly, U.S. Healthcare argues that Plaintiff's negligence cause of action is preempted completely by ERISA and that federal jurisdiction is clear.

## II. DISCUSSION

A district court must remand a case removed from a state court "[i]f at any time before final judgment it appears that [the

federal court] lacks subject matter jurisdiction." 28 U.S.C. § 1447(b). In this case, Plaintiff challenges the propriety of removal by asserting that Section 502(a) does not govern this action. As a result, the court must review the complaint,[1] the petition for removal, and the statute pursuant to which U.S. Healthcare removed the claim to determine whether, indeed, this court maintains subject matter jurisdiction.

### A. Preemption

In general, original federal jurisdiction exists and removal is proper only when a federal question is presented on the face of a plaintiff's properly pleaded complaint. *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 9–12, 103 S.Ct. 2841, 2846–48, 77 L.Ed.2d 420 (1983). This is known as the "well-pleaded complaint rule." In keeping with this rule, a defense raising a federal question in response to a state law cause of action is typically insufficient to confer federal jurisdiction and justify removal. *Louisville & Nashville R.R. v. Mottley*, 211 U.S. 149, 29 S.Ct. 42, 53 L.Ed. 126 (1908). However, where Congress provides specifically that a particular area of the law is "necessarily federal in character," *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 63–64, 107 S.Ct. 1542, 1546–47, 95 L.Ed.2d 55 (1987), a case may be preempted completely from the well-pleaded complaint rule, and federal jurisdiction may arise by virtue of such a federal defense to a state law cause of action. *Franchise Tax Bd.*, 463 U.S. at 23, 103 S.Ct. at 2853–54.

In the context of the present action, the complete preemption doctrine applies to state law causes of action falling within the scope of ERISA's civil enforcement provisions, as defined by 29 U.S.C. § 1144(a) (hereinafter ERISA Section 514). *Dukes v. United States Healthcare, Inc.*, 57 F.3d 350, 354 & n. 2, 355 (3d Cir.), *cert. denied*, —— U.S. ——, 116 S.Ct. 564, 133 L.Ed.2d 489 (1995). ERISA Section 514, in turn, sets forth that its provisions "shall supersede any

---

1. The court notes, for the sake of completeness, that the complaint at issue is the Second Amend- ed Complaint.

and all state laws insofar as they may now or hereafter relate to any employee benefit plan." 29 U.S.C. § 1144(a). Courts have interpreted this provision broadly, so that when a cause of action has a connection with or refers to an employee benefit plan, it is deemed to "relate to" such a plan and triggers ERISA preemption. *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 107 S.Ct. 1549, 95 L.Ed.2d 39 (1987); *Ricci v. Gooberman*, 840 F.Supp. 316, 317 (D.N.J.1993).

However, the law in this Circuit now provides that not all claims preempted by ERISA are subject to removal. *Dukes*, 57 F.3d at 355. Rather, state law claims must fall within Section 502 to permit removal to federal court. *Id.* That section provides, in pertinent part, that a participant or beneficiary of an ERISA plan may bring a civil action "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan; . . ." 29 U.S.C. § 1132(a)(1)(B). In the instant case, the court must determine whether Plaintiffs medical malpractice claim, involving the delivery of an FOBT Kit from U.S. Healthcare to the decedent and U.S. Healthcare's alleged failure to conduct follow-up analysis or treatment, is a claim within the parameters of Section 502(a).

## B. Plaintiff's Motion to Remand

■ Plaintiff contends that Section 502(a) does not apply to her action since she is not trying to recover a benefit, but is merely challenging the quality of medical care U.S. Healthcare provided to the decedent.[2] U.S. Healthcare filed no response in opposition to Plaintiff's Motion to Remand. Its Notice of Removal, however, asserts that the relationship between Plaintiff's allegations and the *"medical benefits supplied to Plaintiff's decedent,"* (Rem. Pet. at ¶ 6. (emphasis added)), establishes the requisite nexus set forth in Section 502(a). Importantly, the argument for removal thus presupposes that U.S. Healthcare provided medical care to the decedent. Indeed, in its Answer, U.S. Health-

care "admits that it arranged for the delivery of defined health care benefits, including cancer screening programs." (Ans.¶ 14.)

In *Dukes v. United States Healthcare, Inc.*, the United States Court of Appeals for the Third Circuit construed Section 502(a) and, as this court must do in the present case, determined whether certain state law claims for medical malpractice fell within its scope. *Dukes* instructs that removal jurisdiction exists only if the plaintiff alleges that there was a refusal to provide services to which plan membership entitles a beneficiary. *Dukes*, 57 F.3d at 356. Unless a plaintiff claims that a benefit due to her was withheld erroneously, the claim falls outside the scope of Section 502(a). *Id.* Put another way, a mere attack on the quality of benefits actually *provided* by a defendant does not implicate Section 502(a) or confer federal jurisdiction on an otherwise state law claim.

In the case before the court, Plaintiff does not aver that U.S. Healthcare denied benefits to the deceased. Rather, Plaintiff challenges the way in which U.S. Healthcare provided medical benefits. This distinction, subtle though it may.appear, defeats federal jurisdiction under *Dukes* and requires this court to remand Plaintiff's claim to the state court from which it was removed. This result is also consistent with post-*Dukes* case law from this Circuit in which courts addressed ERISA preemption in conjunction with motions to remand similar to the one in this case. In *Lazorko v. Pennsylvania Hosp.*, No. CIV. A. 96–4858, 1997 WL 158144 (E.D.Pa. March 31, 1997), for instance, the district court retained jurisdiction over a removed action because the plaintiff alleged specifically that the defendant, U.S. Healthcare, refused to provide medical care when the plaintiff sought treatment for certain illnesses. *Id.* at *3–4. Cf *Pell v. Shmokler*, No. CIV. A. 96–6002, 1997 WL 83743 (E.D.Pa. Feb.20, 1997) (granting plaintiff's motion to remand on procedural grounds). The Pell Court, too, noted that a claim alleging that the defendant had wrongfully discouraged referrals would be preempted com-

---

**2.** Plaintiff represents to the court that she is not seeking to enforce current rights or to clarify rights for the future; thus, although Section 502(a) incorporates such actions, *see* 29 U.S.C. § 1132(a)(1)(B), they are not at issue in this case.

pletely by ERISA and subject to removal under *Dukes. Id.* at *4–5.

Such allegations are simply absent from the complaint before the court. As in *Dukes*, the record here does not support the claim that there was a denial of medical care because of a refusal by U.S. Healthcare to pay. Rather, the complaint attempts to hold U.S. Healthcare liable for its alleged negligence in its role as the arranger of the decedent's medical treatment. *See generally Dukes*, 57 F.3d at 361 & n. 8. As a result, this court can neither maintain removal jurisdiction over this case nor resolve whether Plaintiff's claim is preempted under ERISA Section 514. Rather, it must remand the action to the state court from which it was removed. *See Dukes*, 57 F.3d at 355 (directing state court to address preemption issue after remand); *Goepel v. National Postal Mail Handlers Union*, 36 F.3d 306, 316 (3d Cir.1994) (absent complete preemption, state courts empowered to adjudicate preemption issues).

### C. Plaintiff's Motion for Attorneys' Fees

■ In conjunction with her Motion to Remand, Plaintiff seeks reimbursement from U.S. Healthcare for counsel fees in the amount of $1,500 incurred in filing the instant motion. Plaintiff contends that U.S. Healthcare's removal "was not taken in good faith." (Pl. Mem. At 7.) She charges U.S. Healthcare with the knowledge that the *Dukes* decision circumscribed the removability of claims and, indeed, proscribed claims like the present one.

The removal statute provides that an order remanding a case "may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of removal." 28 U.S.C. § 1447(c). In the absence of a standard governing the matter, the district court has discretion whether to order such payment. *Mints v. Educational Testing Serv.*, 99 F.3d 1253, 1259–60 (3d Cir.1996). Furthermore, a finding that the removing party acted in bad faith is not a prerequisite to assessing fees and costs. *Id.* at 1260. This is so because the statute serves a compensatory purpose, not a punitive one. *Shrader v. Legg Mason Wood Walker, Inc.*,

880 F.Supp. 366, 368 (E.D.Pa.1995) (citations omitted).

Courts award costs, expenses, and attorneys' fees where the complaint clearly does not state a claim removable to federal court, *see, e.g., Ingemi v. Pelino & Lentz*, 866 F.Supp. 156, 163 (D.N.J.1994), or where minimal research would have revealed the impropriety of removal. *Little League Baseball, Inc. v. Welsh Publ'g Group, Inc.*, 874 F.Supp. 648 (M.D.Pa.1995). In contrast, where a case raises difficult legal issues involving complex statutory provisions, an award of fees is not warranted. *Conway v. PECO Energy Co.*, No. CIV. A. 96–7284, 1997 WL 34672, at *8 (E.D.Pa. Jan.28, 1997). In this case, the court will exercise its discretion to deny Plaintiff's request for counsel fees. While the court herein has determined that Plaintiff's claim does not fall within the scope of ERISA Section 502(a), it also finds that U.S. Healthcare's assertion of jurisdiction in its Notice of Removal was not so "insubstantial," *see Mints*, 99 F.3d at 1261, so as to justify an award of attorneys' fees to the Plaintiff.

### III. CONCLUSION

For the reasons set forth, the court finds that it lacks subject matter jurisdiction over Plaintiff's claim, and that removal was improper. The court will enter an appropriate order remanding the case to the Superior Court of New Jersey, Salem County, Law Division, which court must resolve the separate issue of whether Plaintiff's claim is preempted under federal law. Finally, the court denies Plaintiff's request to assess counsel fees pursuant to 28 U.S.C. 1447(c) against U.S. Healthcare.

### ORDER

THIS MATTER having come before the court on Plaintiff Margaret C. Newton's Motion to Remand;

The court having reviewed the record and the submissions of the parties;

For the reasons set forth in the court's opinion of this date;

IT IS this 28th day of April, 1997 HEREBY

**ORDERED** that Plaintiff's Motion to Remand is **GRANTED** such that this matter is remanded to the Superior Court of New Jersey, Salem County, Law Division; and IT IS FURTHER

**ORDERED** that Plaintiff's request for assessment of counsel fees in the amount of $1,500 against Defendant U.S. Healthcare, Inc. is **DENIED.**

No costs.