Steven CHIRICO, individually, and Great Western Flooring, Inc., an Illinois Corporation, Plaintiffs,

v.

THE CERAMIC TILE LAYERS UNION, LOCAL 67, Defendant.

No. 98 C 1589.

United States District Court, N.D. Illinois, Eastern Division.

July 30, 1998.

Win Wehrli, Susan Marie Wieczorek, Naperville, IL, for Steven Chirico, Great Western Flooring, Inc.

Barry Milton Bennett, Ina R. Silvergleid, Dowd, Bloch & Bennett, Chicago, IL, for Local 67 Ceramic Tile Layers Union.

### MEMORANDUM OPINION AND ORDER

GETTLEMAN, District Judge.

Plaintiffs Steven Chirico and Great Western Flooring, Inc. have filed a motion to remand this case to the Circuit Court of Dupage County, Illinois. Because the court concludes that the case was removed without federal subject matter jurisdiction, the court grants plaintiffs' motion.

Plaintiffs initiated this suit on February 25, 1998, in state court. In a two count complaint, plaintiffs sought damages for defamation and libel per se for actions that arose during a labor dispute between Great Western Flooring and members of the Ceramic Tile Layers Union. On January 22, 1998, members of the Union, who identified themselves as such, distributed handbills that contained several allegedly defamatory statements about plaintiffs at a mall in Naperville, Illinois. The handbills included the following statements:

> "Steve Chirico owner of The Great Western Flooring insists on charging his employees for the same material he charges the consumer when they purchase a tile floor!!!"

> "This selfish act drives down the wages and benefits standards for workers in the trade, causes The Great Western workers to be underpaid for the long hours they must work and hurts the consumer."

> "The fat cat keeps getting fatter while the workers have to pay to keep their jobs!!!!"

> "Steve is ripping you off by receiving twice the pay from you and his workers!!!!!"

On March 16, 1998, defendant removed this case to federal court pursuant to 28 U.S.C. § 1441(b). In its Notice of Removal, defendant stated that removal was proper because plaintiffs' defamation claims, which occurred in the context of a labor dispute, were completely preempted by "federal regulatory authority over labor relations." In plaintiffs' motion to remand, they argue that the court lacks subject matter jurisdiction over the claims, and that as a result, removal was improper.

Resolution of this dispute requires consideration of both the principles of removal and the extent of the court's original jurisdiction. The removal statute authorizes a defendant to remove to federal court "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." § 1441(a). Consequently, only those state court actions that originally could have been filed in federal court may properly be removed to federal court by the defendant. *Caterpillar, Inc. v. Williams,* 482 U.S. 386, 392, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987). When a federal court lacks subject matter jurisdiction over a case that has been removed to the federal court, the court must remand the case to the state court. 28 U.S.C. § 1447(c).

Federal district courts have original subject matter jurisdiction in two situations. The first is where complete diversity of citizenship exists between the parties. 28 U.S.C. § 1332. The second is where the case arises under the Constitution, laws, or treaties of the United States (i.e. "federal question" jurisdiction). 28 U.S.C. § 1331. In this case, there is no diversity of citizenship

between the parties, so for removal to have been proper, the case must fall under the court's federal question jurisdiction.

■ The presence or absence of federal question jurisdiction is governed by the "well-pleaded" complaint rule, under which a cause of action arises under federal law only when plaintiff's complaint raises issues of federal law. *Metropolitan Life Insurance Co. v. Taylor*, 481 U.S. 58, 62–63, 107 S.Ct. 1542, 95 L.Ed.2d 55 (1987). As a result, a federal defense such as preemption will not usually authorize removal to federal court, because the defense does not appear on face of the plaintiff's complaint. *Id.*

■ There is a well known exception to the well pleaded complaint rule called the "complete preemption" doctrine. *Atchley v. Heritage Cable Vision Associates*, 101 F.3d 495, 498 (7th Cir.1996). In some situations, Congress may so "completely preempt" a particular area that any complaint raising state claims in that particular area is necessarily federal in character. *Id.* In the instant case, defendant acknowledges that there is nothing on the face of the plaintiff's complaint to create federal question jurisdiction. Instead, defendant argues that plaintiff's state law claims of defamation are "completely preempted" by "federal regulatory authority over labor regulations."

Although defendant did not specify what particular provision would completely preempt the state's authority to hear these claims, it cites to *Linn v. United Plant Guard Workers of America, Local 114*, 383 U.S. 53, 86 S.Ct. 657, 15 L.Ed.2d 582 (1966). *Linn* involved the issue of whether and to what extent the National Labor Relations Act bars the maintenance of a civil action for libel instituted under state law by an officer of an employer subject to the Act, seeking damages for defamatory statements made by a labor union and its officers. *Id.* at 55, 86

S.Ct. 657. The particular provision at issue in *Linn* was § 8 of the NLRA. Thus, plaintiff apparently argues that § 8 completely preempts plaintiffs claims.[1]

■ The first step in determining whether such a claim is completely preempted by the NLRA is for a court to determine whether the activity is 'arguably subject' to § 7 or § 8. When such a determination is made, state and federal courts must defer to the exclusive competence of the National Labor Relations Board for it to decide whether the claim is, in fact, preempted. *See San Diego Building Trades Council v. Garmon*, 359 U.S. 236, 245, 79 S.Ct. 773, 3 L.Ed.2d 775. (1959). If the Board finds that the activity is preempted, it retains jurisdiction of the case. *Id.*

■ But this court lacks jurisdiction to make even the preliminary ruling on whether the claims are 'arguably subject' to § 8 of the NLRA because this case was improperly removed. Removal is based on the federal district court's original jurisdiction. When it is found to be lacking, 28 U.S.C. § 1447(c) instructs the courts to remand the case to the state court. *Ethridge v. Harbor House Restaurant*, 861 F.2d 1389, 1400 (9th Cir. 1988).[2] Here, the court lacks original jurisdiction even if the defendant's preemption arguments are correct. Even if the claims are 'arguably subject' to § 8, and even if they are in fact preempted, it is the NLRB, and *not* this court, that retains jurisdiction over the claim. And, of course, if the claims are not 'arguably subject' or not preempted, the case is within the exclusive jurisdiction of the state court because no federal question is presented.

Consequently, plaintiffs' motion to remand this case to state court is granted. Upon

---

1. In any event, it is evident that this case does not involve § 301 of the Labor Management Relations Act, which arises when a state court action is based on the conduct of employees or employers pursuant to a union contract. Unlike § 8, § 301 confers original jurisdiction in the federal district courts. *Atchley v. Heritage Cable Vision Assoc.*, 101 F.3d 495, 498 (7th Cir.1996).

2. As *Ethridge* indicates, the court may not retain jurisdiction over a case improperly removed from state court for the limited purpose of determining whether exclusive federal jurisdiction exists in the NLRB. *See Id.* At 1397–99. Once the court determines it lacks jurisdiction, it must remand the case.

remand, defendant may present its preemption argument.