Alice M. GUL, Plaintiff,

v.

PAMRAPO SAVINGS BANK, Christopher Bock, Brian Campbell, and John Does, 1–25, Defendants.

No. CIV.A. 99–3356(MLC).

United States District Court, D. New Jersey.

Sept. 21, 1999.

---

Clifford L. Van Syoc, Van Syoc Law Offices, Chartered, Cherry Hill, NJ, for Plaintiff.

Donna duBeth Gardiner, Collier, Jacob & Mills, P.C., Somerset, NJ, for Defendant Pamrapo Savings Bank.

## MEMORANDUM OPINION

COOPER, District Judge.

This matter comes before the Court on a motion by plaintiff Alice M. Gul to remand the case and separate motions by defendants Pamrapo Savings Bank ("PSB"), Christopher Bock ("Bock"), and Brian Campbell ("Campbell") to dismiss plaintiff's preempted claims and to remand her other allegations. For the reasons stated, plaintiff's motion to remand is granted and defendants' motions are dismissed as moot.

### BACKGROUND

Plaintiff Alice M. Gul ("Gul") worked for PSB as a teller. (Compl.¶ 3.) She alleges that defendants violated the New Jersey Law Against Discrimination, N.J. Stat. Ann. § 10:5–1 *et seq.*, by subjecting her to a hostile work environment based on her gender and constructively discharging her for complaining of the same. (*Id.* ¶¶ 2, 30, 32). Gul also alleges that she was con-

structively discharged "in violation of the public policy of the State of New Jersey protecting an individual's efforts to engage in collective bargaining." (*Id.* ¶ 30.) In support of the latter claim, Gul alleges as follows: (1) she told defendant Bock, the head teller, that the tellers should form a union and Bock replied that plaintiff would be fired if the bank discovered she was responsible for organizing a union, (*id.* ¶ 12), and (2) Campbell, the branch manager, told plaintiff that if she attempted to unionize the tellers, she would be fired. (*Id.* ¶ 17.)

Defendant PSB removed the case to this Court pursuant to 28 U.S.C. § 1441 based on plaintiff's claims that she was constructively discharged because of her efforts to unionize the tellers. (*See* Not. of Removal ¶¶ 11–16.) PSB argues that the exclusive remedy for these allegations is provided by section 8 of the National Labor Relations Act ("NLRA"), 29 U.S.C. § 158, prohibiting unfair labor practices by an employer. (*Id.* ¶ 15.) Consequently, PSB asserts that removal is proper. (*Id.*) In addition, PSB asks the Court to dismiss plaintiff's claims pertaining to her alleged efforts to unionize because the claims are premised on state law and are therefore preempted by the NLRA. (Def.'s Br. in Supp. of Mot. to Dis. at 4.) PSB asks that the Court remand plaintiff's remaining claims premised on gender discrimination. (*Id.*) Pro se defendants Bock and Campbell make identical motions and rely on the briefs submitted by PSB.

Gul argues that the Court should remand the matter because she has only brought state law claims. (Pl.'s Br. in Supp. of Mot. to Remand at 2.) In her opposition to defendant's motion to dismiss, Gul asserts that, even if her claims are preempted by the NLRA, they are not removable to federal court. (Pl.'s Br. in Opp'n to Mot. to Dis. at 6 (citing *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 107 S.Ct. 2425, 2432, 96 L.Ed.2d 318 (1987)).) Plaintiff seeks costs and attorney's fees incurred as a result of removal. (*Id.* at 8.)

## DISCUSSION

 Under the well-pleaded complaint rule, a cause of action "arises under" federal law, and removal is proper, only if a federal question is presented on the face of the plaintiff's properly pleaded complaint. *See Dukes v. United States Healthcare*, 57 F.3d 350, 353 (3d Cir.1995) (citing *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 9–12, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983)). A federal defense to a plaintiff's state law cause of action ordinarily does not appear on the face of the well-pleaded complaint, and, therefore, usually is insufficient to warrant removal to federal court. *Id.* (citation omitted).

 The United States Supreme Court has recognized an exception to the well-pleaded complaint rule—the "complete preemption" exception—under which "Congress may so completely preempt a particular area that any civil complaint raising this select group of claims is necessarily federal in character." *Id.* (citing *Metropolitan Life Ins. v. Taylor*, 481 U.S. 58, 63–64, 107 S.Ct. 1542, 95 L.Ed.2d 55 (1987)). For example, under the complete preemption exception, defendants may remove state law causes of action that fall within the scope of (1) the civil enforcement provision of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1132(a), or (2) section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185, governing violations of collective bargaining agreements. *See Caterpillar*, 482 U.S. at 393–94, 107 S.Ct. 2425; *Dukes*, 57 F.3d at 353.

 Jurisdiction under the NLRA follows a different pattern. The National Labor Relations Board ("the NLRB") has exclusive jurisdiction over claims brought pursuant to sections 7 or 8 of the NLRA. *See International Longshoremen's Ass'n, AFL–CIO v. Davis*, 476 U.S. 380, 391, 106 S.Ct. 1904, 90 L.Ed.2d 389 (1986). Accordingly, claims premised on unfair labor practices must be brought before the NLRB if the claims are "arguably subject" to section 8 of the NLRA. *See San Diego*

*Bldg. Trades Council v. Garmon,* 359 U.S. 236, 244–45, 79 S.Ct. 773, 3 L.Ed.2d 775 (1959). If the claims are brought in state or federal court, then they are pre-empted. *Id.* at 244–45, 79 S.Ct. 773.

Our research has not discovered an opinion by the Court of Appeals for the Third Circuit, or by a district court within the Third Circuit, addressing whether a federal district court has removal jurisdiction to determine whether a plaintiff's state law claims are preempted under *Garmon.* We note, however, that a growing number of courts have found that district courts lack jurisdiction to address the issue and that state law claims "arguably subject" to § 8 of the NLRA may not therefore be removed to federal court. *See Lattin v. Kurdziel,* 149 F.3d 1183, 1998 WL 344070, at *5 (6th Cir. May 26, 1998) (unpublished table opinion); *Ethridge v. Harbor House Restaurant,* 861 F.2d 1389, 1400 (9th Cir.1988); *United Ass'n of Journeymen and Apprentices, Local 57 v. Bechtel Power Corp.,* 834 F.2d 884, 890 (10th Cir.1987) (dicta) (court found that § 301 of the LMRA did not completely preempt plaintiff's claims and noted that only the Utah state courts had jurisdiction to determine whether §§ 7 and 8 of the NLRA preempted plaintiff's claims); *Chirico v. Ceramic Tile Layers Union, Local 67,* 13 F.Supp.2d 798, 800 (N.D.Ill.1998); *United Food and Commercial Workers Union Local 204 v. Dockery,* 994 F.Supp. 691, 692 (M.D.N.C.1998); *Ramsay v. Steeltech Mfg., Inc.,* 895 F.Supp. 225, 228 (E.D.Wis.1995).

The Seventh Circuit in *Ethridge* found support for its ruling from the Supreme Court's decision in *Caterpillar. See Ethridge,* 861 F.2d at 1399–1400. In *Caterpillar,* the Court held that a case involving employment contracts made by parties who were later covered by a collective bargaining agreement was not completely preempted by the LMRA. 482 U.S. at 394, 107 S.Ct. 2425. The Court stated in dicta as follows:

> [T]he employer may contend [in state court] that enforcement of the individual employment contract arguably would constitute an unfair labor practice under the NLRA, and is therefore pre-empted. The fact that a defendant might ultimately prove that plaintiff's claims are pre-empted under the NLRA does not establish that they are removable to federal court.

*Id.* at 397–98, 107 S.Ct. 2425.

In light of the Supreme Court's pronouncement on this issue, as well as the growing authority within the lower courts, we find that plaintiff's state law claims allegedly pre-empted by section 8 of the NLRA are not removable to federal court.[1] We will consequently grant her motion to remand and dismiss defendants' motions as moot.

An appropriate Order Accompanies this Memorandum Opinion.

**1.** Plaintiff seeks costs and attorney's fees incurred as a result of removal. (Pl.'s Br. in Opp'n to Mot. to Dismiss at 8.) A district court has broad discretion in determining whether to require the payment of costs and fees under 28 U.S.C. § 1447(c). *See Mints v. Educational Testing Serv.,* 99 F.3d 1253, 1260 (3d Cir.1996). A finding that the removing party acted in bad faith is not a prerequisite. *Id.* at 1260. A court will award fees where the complaint clearly does not state a claim removable to federal court or where minimal research would have revealed the impropriety of removal. *See Newton v. Tavani,* 962 F.Supp. 45, 48 (D.N.J.1997) (citations omitted). In contrast, a court will deny a motion for fees where a case raises difficult legal issues involving complex statutory provisions. *Id.* The Court will exercise its discretion by denying plaintiff costs and fees in light of the limited authority, as well as the lack of authority within this circuit, addressing whether claims allegedly covered by section 8 of the NLRA are removable to federal court. We note in this regard that plaintiff did not cite any of the cases holding that said claims must be remanded to state court. She did not cite the relevant language in *Caterpillar* but only in her brief opposing defendant's motion to dismiss and not in her brief supporting her motion for remand.