Richard H. HAMMERICH; Roberta Susan Hammerich, Plaintiffs,

v.

**AETNA U.S. HEALTHCARE, INC., Defendant.**

No. 8:01–CV–1187–T–30MSS.

United States District Court, M.D. Florida, Tampa Division.

May 29, 2002.

Thomas E. Mooney, Meyers, Mooney, Stanley, Hollingsworth & Colvin, Orlando, FL, John V. Tucker, Anderson & Tucker, St. Petersburg, FL, for Richard H. Hammerich, Roberta Susan Hammerich, his wife, plaintiffs.

Andres Gonzalez, Law Office of Steven M. Ziegler, P.A., Hollywood, FL, for Aetna U.S. Healthcare, Inc., a corporation licensed to do business in the State of Florida, defendants.

## ORDER GRANTING PLAINTIFFS' MOTION FOR REMAND

MOODY, District Judge.

This cause is before the Court upon the Defendant's Notice of Removal (Dkt.# 1) of Plaintiffs' State Court Complaint, Plaintiffs' Motion for Remand for Lack of Subject Matter Jurisdiction (Dkt.# 13) and Defendant's response thereto (Dkt.# 20). In the well-pleaded allegations of the Complaint, Plaintiffs do not seek "to recover benefits due under the terms of (the) plan, to enforce ... rights under the terms of the plan, or to clarify ... rights to future benefits under the terms of the plan" as those phrases are used in § 502(a)(1)(B) of ERISA, 29 U.S.C. § 1132(a)(1)(B). Therefore, this Court does not have subject matter jurisdiction and must remand this cause to state court.

## BACKGROUND

According to Plaintiffs' Complaint, Richard Hammerich and Roberta Susan Hammerich are husband and wife living in Sarasota County, Florida. In February of 1999, the Hammerichs received colorectal cancer screening tests through the mail from Aetna U.S. Healthcare, Inc. ("Aetna"). The tests were accompanied by a letter requesting that the test be completed and returned to Aetna. The letter indicated that both Richard and Roberta Hammerich and their primary care physicians would receive a letter from Aetna informing them of the test results. Richard Hammerich completed the stool sample test and returned it to Aetna as requested which had it analyzed. The test showed a positive test result, but Aetna did not inform Hammerich or his primary care physician of the result until a year later in February or March of 2000. At that time, Hammerich went to see Dr. DiTomasa for a follow-up evaluation and colonscopy which showed a twenty centimeter adenocarcinoma which had metastasized in two of four lymph nodes and a metastatic adenocarcinoma in the liver consistent with colonic origin. Hammerich alleges that his injuries resulted from Aetna's negligent delay in forwarding the results of the exam to him and his doctor.

The Complaint asserts two claims: one for Richard Hammerich for his injuries and a second for his wife for loss of consortium.

## STANDARD FOR REMAND

A district court must remand a case removed from a state court "[i]f at any time before final judgment it appears that [the federal court] lacks subject matter jurisdiction." 28 U.S.C. § 1447(b). The Court must review the well-pleaded facts in the Complaint to determine whether it has subject matter jurisdiction to support

the removal. In general, original federal jurisdiction exists and removal is proper only when a federal question is presented on the face of the complaint. *Franchise Tax Bd. v. Construction Laborers Vacation Trust,* 463 U.S. 1, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983). This is known as the "well-pleaded complaint rule." In keeping with this rule, a defense raising a federal question in response to a state law cause of action is typically insufficient to confer federal jurisdiction and justify removal. *Louisville & Nashville R.R. v. Mottley,* 211 U.S. 149, 29 S.Ct. 42, 53 L.Ed. 126 (1908).

However, where Congress provides specifically that a particular area of law is "necessarily federal in character," a case may be preempted completely from the well-pleaded complaint rule, and federal jurisdiction may arise by virtue of such a federal defense to a state law cause of action. *Metropolitan Life Ins. Co. v. Taylor,* 481 U.S. 58, 107 S.Ct. 1542, 95 L.Ed.2d 55 (1987). To permit removal of putative ERISA claims to federal court, the state law claims must fall within § 502 of the ERISA statute, 29 U.S.C. § 1132. *Dukes v. United States Healthcare, Inc.,* 57 F.3d 350 (3d Cir.1995). That section provides, in pertinent part, that a participant or beneficiary of an ERISA plan may bring a civil action "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan..." 29 U.S.C. § 1132(a)(1)(B).

### DISCUSSION

Plaintiffs contend that this matter should be remanded to the state court "[b]ecause this action is based in negligence and does not relate to an employee welfare benefit plan." (Paragraph 7 of Plaintiff's Motion for Remand). Not unexpectedly, the Defendant takes the contrary view. that both counts of Plaintiffs' Complaint "are predicated exclusively on Aetna's alleged failure to properly administer the colorectal screen test benefit provided to Plaintiffs through the Health Plan." (Page 2 of Defendant's response).

The resolution of these polarized positions begins with a determination of whether the claims falls within the civil enforcement provision of ERISA. That is, whether the Complaint seeks "to recover [plan] benefits due ... under the terms of [the] plan, to enforce ...rights under the terms of the plan, or to clarify ... rights to future benefits under the terms of the plan" as those phrases are used in § 502(A)(1)(B) of ERISA, 29 U.S.C. § 1132(A)(1)(B). *Dukes v. U.S. Healthcare, Inc.,* 57 F.3d 350 (3d Cir.1995). These enforcement provisions were created by Congress to assure that promised benefits would be available when plan participants had need of them, and § 502 was intended to provide each individual participant with a remedy in the event that promises made by the plan were not kept. *Dukes,* 57 F.3d at 357.

Here, the Hammerichs sue not to recover benefits or enforce rights, but for negligence in failing to disclose test results. Their claims are similar to those in *Tiemann v. U.S. Healthcare, Inc.,* 93 F.Supp.2d 585 (E.D.Pa.2000). There, a plan participant brought an action in state court against physicians and a health maintenance organization (HMO) for breach of contract and negligence in failing to disclose, or in misrepresenting, to the participant the nature of a particular deficiency disorder which precluded him from obtaining timely medical treatment for the disorder. The HMO removed the action to federal court and the participant moved for remand. The court in *Tiemann* noted than an HMO may assume different roles. It may act as a "plan administrator" or as a "provider of medical services." For

guidance in determining the role assumed, it looked to *In Re: U.S. Healthcare, Inc.,* 193 F.3d 151 (3d Cir.1999), which explains:

As an administrator overseeing an ERISA plan, an HMO will have administrative responsibilities over the elements of the plan, including determining eligibility for benefits, calculating those benefits, disbursing them to the participant, monitoring available funds, and keeping records. As we held in *Dukes,* claims that fall within the essence of the administrator's activities in this regard fall within section 502(a)(1)(B) and are completely preempted. In contrast, as noted by the Secretary, when the HMO acts under the ERISA plan as a health care provider, it arranges and provides medical treatment, directly or through contracts with hospitals, doctors, or nurses. *See Dukes,* 57 F.3d at 361; *see also Corcoran v. United HealthCare, Inc.,* 965 F.2d 1321, 1329–34 (5th Cir.1992) (recognizing that HMO's act as both health care providers and plan administrators). In performing these activities, the HMO is not acting in its capacity as a plan administrator but as a provider of health care, subject to the prevailing state standard of care.

*U.S. Healthcare, Inc.,* 193 F.3d at 162.

In *Tiemann,* the court determined that the failure to timely disclose medical test results constituted a claim against the HMO acting as a provider of health care. Citing *Dukes,* it concluded that removal was improper where:

... the Plaintiffs' claims (a) attack the *quality* of benefits received, and not the *quantity* (i.e., a "claim that the plan erroneously withheld benefits due", *id.)* of benefits received, (b) do not ask for the enforcement of their rights under the terms of the plan, and (c) do not ask

for clarification of their rights to future benefits ...

*Tiemann,* 93 F.Supp.2d at 592.

The case before the Court is also similar to *Newton v. Tavani,* 962 F.Supp. 45 (D.N.J.1997). In *Newton,* a widow brought a medical malpractice action in state court against a physician and an insurance provider, U.S. Healthcare. The insurance provider removed the action to federal court asserting federal jurisdiction under ERISA. In that case, like this one, U.S. Healthcare had delivered to the decedent (the widow's husband) a fecal occult blood test kit. The decedent never returned the kit for analysis. The decedent was not diagnosed with colorectal cancer until approximately three years later and died approximately six months after diagnosis. The widow contended that U.S. Healthcare was negligent 1) in failing to make sure that the decedent returned the kit for testing, and 2) in failing to advise the decedent's personal physician that the test had not been completed and returned. Those claims were held to be quality of care claims against U.S. Healthcare in its role as the "arranger" of the decedent's medical treatment and were remanded to the state court from which they were removed.

In the case before this Court, Plaintiffs' claims likewise deal with the actions of U.S. Healthcare as a health care provider rather than as an ERISA plan administrator. Since the Complaint here does not seek to recover benefits or to enforce or clarify rights under the plan, it is not preempted by ERISA and should be remanded to state court.

Therefore, it is ORDERED AND ADJUDGED that:

1. This cause is hereby REMANDED to the Circuit Court for the Twelfth Judicial Circuit in and for Sarasota County, Florida. The Clerk is directed to forward

a certified copy of this Order to that Court.

2. This Court retains jurisdiction only for the purpose of determining attorney's fees for inappropriate removal. Plaintiffs are directed to submit supporting affidavits within ten (10) days of the date of this Order and Defendant shall have twenty (20) days within which to respond.