■ LAWRENCE A. WIEN, Individually and as a Limited Partner of CHELSEA-CANDIDE COMPANY, Suing on Behalf of Himself and All Others Similarly Situated, Respondent, v CHELSEA THEATER CENTER OF BROOKLYN et al., Defendants, and MAX ARONS, as President of Associated Musicians of Greater New York, Local 802, American Federation of Musicians, et al., Appellants.—Order, Supreme Court, New York County, entered July 12, 1977, which denied the motion of the defendants to dismiss the complaint in this action, unanimously reversed, on the law, to the extent appealed from, without costs and without disbursements, and the motion to dismiss granted. The court at Special Term succinctly and carefully outlined the issues and they need no reiteration. However, we disagree in one area, that is on the question of pre-emption. The action complained of falls within the scope of section 8 (subd [b], par [6]) of the National Labor-Management Relations Act of 1947 (US Code, tit 29, § 158, subd [b], par [6] *et seq.)* and its exclusive Federal regulatory scheme. It does not fall within the exceptions to the doctrine enunciated by the United States Supreme Court in *San Diego Unions v Garmon* (359 US 236, 243-244, 247-248). See, also, *Garner v Teamsters Union* (346 US 485) and the statement of Senator Robert A. Taft in colloquy on the floor of the Senate with respect to the problem in the case at bar (93 Cong Rec 6446), cited in *Newspaper Pub. Assn. v Labor Bd.* (345 US 100, 110-111). *Sears, Roebuck & Co. v Carpenters* (436 US 180), which allowed both NLRB and State court action, does not, in our opinion, apply to the situation at bar. There the issue was picketing, and here the issue is featherbedding. Concur—Kupferman, J. P., Birns, Evans and Lane, JJ. [91 Misc 2d 226.]