Robert B. RAMSAY, Plaintiff,

v.

STEELTECH MANUFACTURING, INC., and Charles L. Wallace, Defendants.

Civ. A. No. 95–C–0638.

United States District Court, E.D. Wisconsin.

Aug. 11, 1995.

---

James G. Allison, Whyte Hirschboeck Dudek, Milwaukee, WI, for plaintiff.

Thomas W. Scrivner, Chris Trebatoski, Michael Best & Friedrich, Milwaukee, WI, for defendants.

## DECISION AND ORDER

REYNOLDS, District Judge.

■ Limited jurisdiction makes the federal courts a unique institution. When federal courts have the power to act, they can restructure society (desegregation) or prevent the government from using its police power (First Amendment cases). At the same time, they are powerless to hear all sorts of ordinary law suits because they lack subject matter jurisdiction. Rather than denying parties access to the federal courts, a lack of subject matter jurisdiction denies the federal courts the power to act.

In this case, the defendants have removed an employment dispute to federal court. Because this court is without subject matter jurisdiction, it must remand the case to state court.

## THE COMPLAINT

In early April 1993, Robert Ramsay began working for Steeltech Manufacturing, Inc. (Steeltech) as the vice-president of operations. After 1994, Mr. Wallace was Ramsay's superior, and they apparently had a poor relationship. To become chief executive officer (CEO), Ramsay alleges, Wallace lied to Steeltech's board of directors about Ramsay's qualifications and abilities so that the board would hire Wallace over Ramsay.

Ramsay alleges that Wallace's hostility only increased. After becoming CEO, Wallace sabotaged Ramsay's performance and eventually demoted Ramsay. The final blow came on February 9th, 1995. On February 8th, Ramsay had testified before the National Labor Relations Board (NLRB). In turn, Wallace demanded Ramsay's resignation. After Ramsay refused to resign, Wallace

fired Ramsay on February 13th, without following the proper procedure.

On May 10, 1995, Ramsay filed a suit in the circuit court of Milwaukee, alleging five counts: First, Steeltech breached the employment contract because it fired him without cause. Second, Steeltech breached the contract when it denied Ramsay severance pay. Third, firing Ramsay violated certain oral representations that Steeltech made. Fourth, denying severance pay violated Wis. Stat. § 108.03. Fifth, Wallace tortiously interfered with the contract between Steeltech and Ramsay.

On June 15, 1995, the defendants removed the case to federal court under 28 U.S.C. § 1441(b). Defendants alleged that the complaint raised a federal question under 29 U.S.C. § 185; thereby, the court had original jurisdiction under 28 U.S.C. § 1331. On June 22, 1995, the plaintiff moved to remand the case to state court. The court ordered concurrent briefing. Both parties filed their initial briefs on July 17; neither party filed an optional reply brief.

### ANALYSIS

■ The defendants have switched grounds for removal since their original notice. There, they argued that 29 U.S.C. § 185 of the Labor Management Relations Act (LMRA) completely preempted the plaintiff's state law claims. In their brief opposing remand, they argue that 29 U.S.C. § 158(a)(1) and (a)(4) of the National Labor Relations Act (Taft–Hartley Act) completely preempts the state law claims, making removal appropriate. In support of their position, they point to a current NLRB action against Steeltech that alleges violations of 29 U.S.C. § 158 based on Ramsay's discharge.

The parties spend most of their time arguing over whether the complaint raises a legitimate state claim or whether 29 U.S.C. §§ 158, 185 have entirely preempted the claims. Section 185, which applies to union contract disputes, has no bearing on this case. Even if § 158 preempts the plaintiff's claims (an issue that the court cannot decide), removal is impossible because § 158 vests jurisdiction with the NLRB, not the federal courts.

■ Removal is appropriate if the federal court has original jurisdiction over the suit. 28 U.S.C. 1441(b). In other words, a defendant may remove an action to federal court if, and only if, the plaintiff originally could have filed the claim in federal court. Generally, the court determines removal based upon the complaint's allegations. *Seinfeld v. Austen*, 39 F.3d 761, 763 (7th Cir. 1994) *cert. denied* —— U.S. ——, 115 S.Ct. 1998, 131 L.Ed.2d 1000 (1995). Nevertheless, a complaint that alleges only state claims, actually raises federal issues when a federal statutory scheme has completely preempted the state law. *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 393, 107 S.Ct. 2425, 2430, 96 L.Ed.2d 318 (1987).

■ Although a federal statute may transform a state claim into a federal issue, that transformation alone does not necessarily give the federal courts jurisdiction over the dispute. If the preemption is complete and if Congress gives the federal courts the power to resolve claims under the statute, then removal is proper. *Id.* If, however, Congress gives a regulatory agency the power to resolve those disputes, removal is impossible because the federal courts still lack jurisdiction to hear the dispute. *Ethridge v. Harbor House Restaurant*, 861 F.2d 1389 (9th Cir. 1988).

■ Preemption comes in different forms with different implications. The Labor Management Relations Act (LMRA) both preempts state law and gives federal courts the power to hear disputes involving labor contracts:

> Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in the Act, or between any such labor organizations, may be brought in any district court of the United States....

29 U.S.C. § 185(a); *See also, Caterpillar*, 482 U.S. at 393–394, 107 S.Ct. at 2430. Although the Taft–Hartley Act, 29 U.S.C. §§ 157 and 158, also completely preempts state claims, *San Diego Bldg. Trades Council v. Garmon*, 359 U.S. 236, 244–45, 79 S.Ct. 773, 779–80, 3

L.Ed.2d 775 (1959), original—and exclusive—jurisdiction belongs to the National Labor Relations Board, not the federal district courts. *International Longshoremen's Ass'n, AFL–CIO v. Davis,* 476 U.S. 380, 390, 106 S.Ct. 1904, 1911–12, 90 L.Ed.2d 389 (1986).

■■■ Unlike preemption under the LMRA, preemption under the Taft–Hartley Act (called *"Garmon* preemption") does not create jurisdiction for federal courts. If *Garmon* applies, both the state and federal courts lack jurisdiction. Because the plaintiff cannot bring an action under 29 U.S.C. §§ 157 or 158 in federal district court, removal is impossible. *See Ethridge,* 861 F.2d at 1396–99. *Garmon* preemption may bar the state law claims and deny the state court jurisdiction, but the state courts—not the federal courts—consider and resolve *Garmon's* applicability. *See Davis,* 476 U.S. at 393, 106 S.Ct. at 1913.

Although the Seventh Circuit has yet to address *Garmon* preemption and removal jurisdiction, one decision has implicitly adopted Etheridge's view. *Cf. LaBuhn v. Bulkmatic Transp. Co.,* 865 F.2d 119 (7th Cir.1988). After dismissing a federal claim, the district judge dismissed without prejudice the retaliatory discharge claim as a pendent state claim, despite the defendant's arguments that *Garmon* applied. On appeal, the Seventh Circuit affirmed, treating the retaliatory discharge as a pendent state claim. If *Garmon* created original jurisdiction in the federal courts, as the LMRA does, however, neither the district court nor the Seventh Circuit could have treated the retaliatory discharge as a state law claim. Rather, under complete preemption, the federal court would have had original jurisdiction over retaliatory discharge.[1] Not only would the district court have had jurisdiction, but the state court would have lacked jurisdiction; refusing to address the claim would have been an error.

The defendants have not provided a legitimate basis for removal. Although removal is proper when the LMRA has preempted a claim, no preemption has occurred here. The LMRA applies to disputes about union contracts or between unions. The plaintiff is not a member of a union; any collective bargaining agreement is irrelevant to Ramsay's discharge. The defendants never explained how the LMRA preempts any of the plaintiff's claims.

Instead, defendants argue that the plaintiff's actions all arise under 29 U.S.C. § 158(a), the Taft–Hartley Act. Plaintiff sues over his discharge, and the defendants allegedly fired the plaintiff in retaliation for the plaintiff's testifying before the NLRB. If the defendants did the alleged acts, the defense concludes, the defendants interfered with the plaintiff's right to assist a union, violating 29 U.S.C. § 158(a)(1), and fired the plaintiff for giving testimony to the NLRB, violating 29 U.S.C. § 158(a)(4).

If, as defendants contend, the plaintiff has alleged claims barred by *Garmon* preemption, then the defendants have proven too much. Not only would the state court lack jurisdiction, so would the federal court. Because the plaintiff could not bring an action under 29 U.S.C. § 158(a)(1) or (a)(4) in federal court, the defendant may not remove a case to federal court on that basis. The existence of a NLRB action emphasizes only the NLRB's original and exclusive jurisdiction for claims under 29 U.S.C. § 158(a). The court need not decide whether *Garmon* preemption applies.

A *Garmon* issue may exist, but the defendants must raise it before the state court because this court has no power to hear an action under 29 U.S.C. § 158(a). The court makes no judgment about the *Garmon* defense. Whether *Garmon* applies or not, this court lacks jurisdiction. Therefore, the court remands this case to the Milwaukee County Circuit Court under 28 U.S.C. 1447(c).

**SO ORDERED.**

---

1. In *LaBuhn,* the trial judge could have decided the *Garmon* issue as a defense because the court had pendent jurisdiction.