■ 71 Pierrepont Associates, Respondent, v 71 Pierrepont Corp. et al., Appellants. [663 NYS2d 263] —In an action to recover damages for tortious interference with business relations and abuse of process, the defendants appeal from an order of the Supreme Court, Kings County (Schneier, J.), dated July 15, 1996, which denied their separate motions for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, without costs or disbursements, the motions for summary judgment are granted, and the complaint is dismissed.

"To make out a claim for tortious interference with business relationships, a plaintiff must show that the defendant interfered with the plaintiff's business relationships either with the sole purpose of harming the plaintiff, or by means

that were unlawful or improper" (*Nassau Diagnostic Imaging & Radiation Oncology Assocs. v Winthrop-University Hosp.,* 197 AD2d 563, 563-564; *see also, Guard-Life Corp. v Parker Hardware Mfg. Corp.,* 50 NY2d 183; *EDP Hosp. Computer Sys. v Bronx-Lebanon Hosp. Ctr.,* 212 AD2d 570; *Jurlique, Inc. v Austral Biolab Pty.,* 187 AD2d 637). Furthermore, in order to prove the tort of abuse of process a plaintiff must demonstrate, *inter alia,* "an intent to do harm without excuse or justification, and * * * use of the process in a perverted manner to obtain a collateral objective" (*Curiano v Suozzi,* 63 NY2d 113, 116; *see also, Board of Educ. v Farmingdale Classroom Teachers' Assn.,* 38 NY2d 397, 403).

There is no showing that the defendants' previous legal action, which attempted to set aside the plaintiff's deed to the subject property, was motivated by anything other than legitimate economic self-interest, and accordingly, it cannot be characterized as malicious or without justification. Therefore, in order to defeat the defendants' motions for summary judgment, the plaintiff was required to demonstrate that the defendants' prior action was improper, unlawful, or constituted "use of process in a perverted manner" (*Curiano v Suozzi, supra,* at 116; *see, Guard-Life Corp. v Parker Hardware Mfg. Corp., supra*). The plaintiff's conclusory allegations in this regard were insufficient, and thus there is no genuine issue of fact to preclude the granting of summary judgment to the defendants (*see, Zuckerman v City of New York,* 49 NY2d 557; *Alvord & Swift v Muller Constr. Co.,* 46 NY2d 276; *Nassau Diagnostic Imaging & Radiation Oncology Assocs. v Winthrop-University Hosp., supra*). Miller, J. P., O'Brien, Santucci and Altman, JJ., concur.