■ NANCY B. JOHNSON, Appellant, v GARY BOTCHMAN et al., Respondents. [666 NYS2d 474] —In an action, inter alia, to recover damages for wrongful termination of employment, the plaintiff appeals from an order of the Supreme Court, Rockland County (Sherwood, J.), dated November 18, 1996, which granted the defendants' separate motions pursuant to CPLR 3211 (a) (7) to dismiss the complaint insofar as asserted against them.

Ordered that the order is affirmed, with one bill of costs payable to the respondents appearing separately and filing separate briefs.

Contrary to the plaintiff's contention, the allegations in her complaint do not establish that the circumstances under which her employment was terminated constitute a violation of Penal

Law §§ 215.10, 215.14, or 215.45 by her employer, the defendant Gary Botchman. Accordingly, the issue of whether any of these statutes create an implied private right of action is academic, and her first cause of action against Botchman was properly dismissed.

The complaint fails to state a cause of action against the defendants William Stephens and Equity Stars, Inc., for interference with a business relationship. The plaintiff did not make the required showing that these defendants interfered with her relationship with her employer "either with the sole purpose of harming [her] or by means that were unlawful or improper" (*71 Pierrepont Assocs. v 71 Pierrepont Corp.,* 243 AD2d 625; *see, Nassau Diagnostic Imaging & Radiation Oncology Assocs. v Winthrop-University Hosp.,* 197 AD2d 563; *WFB Telecommunications v NYNEX Corp.,* 188 AD2d 257; *cf., Herlihy v Metropolitan Museum of Art,* 214 AD2d 250). Accordingly, the Supreme Court properly dismissed the complaint in its entirety. Bracken, J. P., O'Brien, Thompson and Altman, JJ., concur.