**UNITED FOOD AND COMMERCIAL WORKERS UNION LOCAL 204, and Brian Murphy, Plaintiffs,**

v.

**Joseph B. DOCKERY, Defendant.**

No. Civ.1:97CV01144.

United States District Court,
M.D. North Carolina,
Durham Division.

Jan. 16, 1998.

Joyce M. Brooks, Charlotte, NC, for Plaintiffs.

James Avery Roberts, III, Lewis & Roberts, P.L.L.C., Raleigh, NC, A. Graham Shirley, Lewis & Roberts, P.L.L.C., Raleigh, NC, for Defendant.

## MEMORANDUM OPINION

BULLOCK, Chief Judge.

This action is before the court on Plaintiffs' motion for remand. Plaintiffs United Food and Commercial Workers Union Local 204 ("Local 204") and Brian Murphy ("Murphy") brought this action against Defendant Joseph B. Dockery ("Dockery") in state court alleging that Defendant committed numerous state law torts. Defendant removed the case to this court on the basis of federal question jurisdiction. For the following reasons, the court will grant Plaintiffs' motion to remand.

## BACKGROUND

Local 204 is an unincorporated labor organization which maintains its principal place of business in North Carolina. (Pls.' Compl. ¶ 2, attached as Ex. A to Def.'s Notice of Removal). Murphy, a North Carolina citizen, is the president of Local 204. (*Id.* ¶ 3). Defendant is a former employee of Local 204 and is a North Carolina citizen. (*Id.* ¶¶ 4–5).

Plaintiffs' complaint alleges that Defendant engaged in an extensive pattern of wrongful conduct intended to injure Plaintiffs, including allegations that: Defendant entered into secret agreements with certain North Carolina employers whereby Defendant agreed to make false statements about Plaintiffs in exchange for illegal payments of money; obtained money from Local 204 under false pretenses; embezzled money from Local 204; attempted to extort money from Local 204 by threatening to make false allegations about Local 204 and Murphy; and made malicious and intentionally false statements against Plaintiffs which were intended to and did injure Plaintiffs in their trade and occupation. (*Id.* ¶¶ 6–17).

In their motion and memorandum in support of remand, Plaintiffs contend that re-

moval was improper because their claims do not arise under federal law and are not subject to complete pre-emption under federal law. (Pls.' Mem. in Supp. of Mot. to Remand at 2–5). Defendant counters that Plaintiffs' complaint involves a question of federal law because, at their core, Plaintiffs' allegations constitute unfair labor practices under Section 8(1) of the National Labor Relations Act ("NLRA"), 29 U.S.C. § 158(a)(1), which Plaintiffs have improperly attempted to label as state law tort claims to avoid federal subject matter jurisdiction. (Def.'s Mem. in Opp'n to Mot. to Remand at 4–12). Defendant then argues that Plaintiffs' state law claims are pre-empted by federal labor law governing unfair labor practices which are subject to the jurisdiction of the National Labor Relations Board ("NLRB"). (*Id*. at 12–17).

### DISCUSSION

Removal is appropriate only if the federal court has original jurisdiction over the suit. 28 U.S.C. § 1441. The defendant bears the burden of establishing that removal was proper. *Mulcahey v. Columbia Organic Chem. Co., Inc.,* 29 F.3d 148, 151 (1994). The court does not need to decide (indeed it cannot decide) whether Defendant's alleged actions constitute unfair labor practices because, even if Defendant is correct, this court would not have original jurisdiction over this action.

Assuming *arguendo* that Plaintiffs' claim involve unfair labor practices, then original and exclusive jurisdiction would belong to the NLRB, not to the federal district court. *International Longshoremen's Ass'n, AFL—CIO v. Davis,* 476 U.S. 380, 390, 106 S.Ct. 1904, 90 L.Ed.2d 389 (1986); *San Diego Bldg. Trades Council v. Garmon,* 359 U.S. 236, 244–45, 79 S.Ct. 773, 3 L.Ed.2d 775 (1959). Thus, under either Plaintiffs' or Defendant's view of this case, Plaintiffs could not have filed their action in this court and removal is impossible. *See Ethridge v. Harbor House Restaurant,* 861 F.2d 1389 (9th Cir.1988); *Ramsay v. Steeltech Mfg., Inc.,* 895 F.Supp. 225 (E.D.Wis.1995). Lacking original jurisdiction over the subject matter of this action, this court must remand this case to state court. 28 U.S.C. § 1447(c). Defendants may well be correct that some or all of Plaintiffs' state law claims are subject to *Garmon* pre-emption. Nevertheless, in these circumstances the state courts and not the federal district courts must make the initial determination as to whether *Garmon* pre-emption applies. *See Caterpillar Inc. v. Williams,* 482 U.S. 386, 397–98, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987); *Ethridge,* 861 F.2d at 1402.

### CONCLUSION

For the foregoing reasons, the court will grant Plaintiffs' motion to remand this case to state court.

An order in accordance with this memorandum opinion shall be entered contemporaneously herewith.

### *ORDER*

For the reasons set forth in the memorandum opinion filed contemporaneously herewith,

IT IS ORDERED that Plaintiffs' motion for remand [Doc. # 5] be, and the same hereby is, **GRANTED,** and this action is **REMANDED** to the General Court of Justice, Superior Court Division, Forsyth County, North Carolina.

IT IS FURTHER ORDERED that Plaintiffs' request for attorney's fees and costs [Doc. # 6] is **DENIED.**