**DUANE READE, INC., Plaintiff,**

**v.**

**LOCAL 338 RETAIL, WHOLESALE, DEPARTMENT STORE UNION, UCFW, AFL–CIO, et al., Defendants.**

**No. 03 Civ. 3753(LAK).**

United States District Court, S.D. New York.

May 28, 2003.

As Amended June 1, 2003.

Craig R. Benson, Grotta, Glassman & Hoffman, P.A., Mineola, NY, for Plaintiff.

William K. Wolf, Friedman & Wolf, New York City, for Defendants.

### MEMORANDUM OPINION

KAPLAN, District Judge.

Plaintiff, the operator of a large chain of drug stores, seeks a preliminary injunction restraining the defendants from trespassing in its premises to solicit plaintiff's employees in connection with a union affiliation election scheduled for tomorrow.

### Facts

#### The Context of the Dispute

Plaintiff Duane Reade, Inc. operates over 230 retail drug stores in the New York City area. It is a party to a collective bargaining agreement ("CBA") with an independent union, the Allied Trades Council ("ATC"), pursuant to which ATC is the sole collective bargaining agent for most employees at over 130 of plaintiff's stores. Although the initial agreement expired on August 31, 2001, negotiations have continued, Duane Read has implemented certain terms that were bargaining to impasse, the other terms of the CBA remain in effect, and ATC remains the sole bargaining agent for the relevant employees.

Defendant Local 338 Retail, Wholesale, Department Store Union, UFCW, AFL–CIO ("Local 338") is seeking to have ATC become its affiliate. An internal election was held by ATC on May 8, 2003 in which a majority of ATC members employed by Duane Reade rejected affiliation with Local 338. The leadership of ATC, however, has scheduled another internal election concerning the affiliation. That election is scheduled to occur tomorrow.

#### Prior Proceedings

Duane Reade brought this action in the New York Supreme Court, New York County, on or about May 23, 2003. The complaint asserts only a state law claim or claims, most notably common law trespass. It alleges that Local 338 representatives have entered its stores, solicited its employees during working hours in connection with the forthcoming election, behaved in a loud and disruptive manner, interfered with the operation of its business, and refused to leave the premises when so

requested. It seeks an injunction and reasonable attorney's fees.

Local 338 removed the action to this Court on May 27, 2003. The notice of removal asserts that Duane Reade's cause of action is preempted by the Labor Management Relations Act ("LMRA"),[1] that Duane Reade's state law claim is preempted under *San Diego Building Trades Council v. Garmon*,[2] and that this Court therefore has jurisdiction over the subject matter. It relies upon *Palm Beach Co. v. Journeymen's Union Local 157*[3] and *Billy Jack for Her, Inc. v. New York Coat, Suit, Dress, Rainwear and Allied Workers' Local 1–35*.[4]

On May 27, 2003, Duane Reade presented the Court with an order to show cause by which it sought a temporary restraining order and a preliminary injunction barring Local 338's activities. The Court heard counsel for both parties late yesterday. It denied the temporary restraining order, directed Local 338 to submit any answering papers by early this morning, and scheduled a hearing on the preliminary injunction motion for 9 a.m. today. Having considered the matter over night and heard the parties again this morning, the matter now is ripe for disposition.

### Discussion

■ This Court is obliged to determine whether it has subject matter jurisdiction regardless of whether the issue is raised by the parties.

The relevant provision of the Judicial Code provides:

1. 29 U.S.C. §§ 151 *et seq.*

2. 359 U.S. 236, 244–48, 79 S.Ct. 773, 3 L.Ed.2d 775 (1959).

3. 519 F.Supp. 705, 707–08 (S.D.N.Y.1981).

4. 511 F.Supp. 1180, 1189 (S.D.N.Y.1981).

5. 28 U.S.C. § 1441(a).

"Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States for the district and division embracing the place where such action is pending."[5]

As there is no claim of diversity or admiralty jurisdiction in this case, the removal may be sustained only if Duane Reade's claim is within the federal question jurisdiction of the district courts.[6]

As my colleague, Judge Ross, recently wrote:

"The presence of federal question jurisdiction is determined by application of the 'well-pleaded complaint rule,' which 'provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint. Under the well-pleaded complaint rule, the plaintiff is the 'master of the claim' and can generally avoid federal jurisdiction by pleading only state claims even if a federal claim also is available."[7]

In this case, as Local 338 acknowledges, the complaint pleads no federal claim. Application of the general rule therefore would require remand.

■ Local 338 nevertheless contends that Duane Reade's state law claim is preempted by the LMRA and that this is sufficient to confer jurisdiction. This Court disagrees.

6. *See, e.g., Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987).

7. *TKO Fleet Enters., Inc. v. District 15, Int'l Ass'n of Machinists & Aerospace Workers, AFL–CIO*, 72 F.Supp.2d 83, 85 (E.D.N.Y. 1999) (internal citation omitted).

 Congressional regulation of a particular field may be so extensive that its action not only abrogates any state court claims that otherwise might have existed, but implicitly confers jurisdiction on federal district courts.[8] But this doctrine, usually referred to as "complete preemption" to distinguish it from its more limited cousin (which might be termed "simple preemption"), applies only in rare circumstances. According to one leading commentator, complete preemption has occurred only with respect to actions under the Labor Management Relations Act that require interpretation of CBAs and claims under Section 502 of ERISA.[9] The question therefore is whether this Court should hold that Duane Reade's state law claim not only is "simply" preempted by the LMRA, but that Congress has completely preempted the field so as to confer jurisdiction of Duane Reade's claim on this Court.

The parties have drawn the Court's attention to four district court decisions in this circuit that have addressed this question. In *TKO Fleet Enterprises*[10] and *Greco Brothers Readi–Mix Concrete Co. v. Local 282 International Brotherhood of Teamsters, AFL–CIO*,[11] Judges Ross and Block, respectively, both rejected the position advanced here by Local 338, holding that *Garmon* preemption falls short of the complete preemption required to confer jurisdiction on the district courts.[12] Both pointed out that even if the employer's state law claim were preempted under *Garmon*, the consequence would be that the claim would lie within the exclusive jurisdiction of the NLRB, not the district courts.

The contrary cases cited by Local 338 are not persuasive. *Billy Jack*, which is the only authority cited for this proposition in *Palm Beach*, reasoned that preemption, "by definition, provides the only basis for the plaintiff to gain the relief it seeks, meaning that any time a court finds preemption it should conclude that the action arises under federal law."[13] With respect, this ignores the well-established distinction between complete preemption, which confers federal question jurisdiction, and simple preemption, which does not. In consequence, the Court declines to follow these cases.

Although time has not permitted a more detailed discussion of the distinction between complete and simple preemption, this Court is persuaded by *TKO Fleet Enterprises* and *Greco Brothers* that this case is comfortably on the simple preemption side of the line.

### Conclusion

For the foregoing reasons, this Court concludes that Duane Reade's claim is not within the federal question jurisdiction. The action therefore was not properly removed. The case is remanded to the Supreme Court of the State of New York, County of New York.

SO ORDERED.

---

8. *See generally* CHARLES ALLAN WRIGHT, ARTHUR R. MILLER & EDWARD H. COOPER, FEDERAL PRACTICE AND PROCEDURE: JURISDICTION AND RELATED MATTERS 3D § 3722.1 (1998).

9. *Id.* at 517–39.

10. Note 7, *supra*.

11. No. 01 Civ. 2217(FB), 2002 WL 417167 (E.D.N.Y. Mar. 7, 2002).

12. *Accord Suarez v. Gallo Wine Distribs. LLC*, No. 02 Civ. 4273(LTS), 2003 WL 716548, at *2 (S.D.N.Y. Mar.3, 2003).

13. 511 F.Supp. at 1187.